**4 PAGES**
Stephen D. Finestone (125675)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.: (415) 421-2624
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com

Counsel for Brickton LP
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>BRICKTON LP,<br><br>   Debtor-in-Possession. | Case No. 24-23724<br><br>DCN CDC-2<br><br>Chapter 11<br><br>**DECLARATION OF JOEL MATKOVICH IN SUPPORT OF DEBTOR'S OPPOSITION TO STEARNS BANK'S MOTION FOR ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**<br><br>**Date:** November 12, 2024<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 32, 501 I Street, Sacramento, CA |

I, Joel Matkovich, hereby declare as follows:

1. I am the President of Brickton LP (the "Debtor"). I have served as Debtor's President since formation on January 22, 2015. I am knowledgeable and familiar with the Debtor's day-to-day operations, business, and financial affairs, and the circumstances leading to

MATKOVICH DECLARATION                                                                                                                    1

the commencement of the Debtor's chapter 11 case (the "Chapter 11 Case"). I am authorized to submit this declaration on behalf of the Debtor.

2.　　I make this declaration in support of the *Debtor's Opposition to Stearns Bank's Motion for Order Directing the Appointment of a Chapter 11 Trustee* (the "Opposition"). Except as otherwise indicated herein, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant business documents, or my opinions based upon experience, knowledge, and information concerning the Debtor's operations and the local senior care industry. If called upon to testify, I could and would competently testify to the facts set forth in this declaration.

3.　　Debtor's primary asset is a residential care facility for the elderly located at 2551 Cameo Drive, Cameron Park, California (the "Property"). The Property has 34 units with 67 beds plus common areas. The building is approximately 17,000 square feet on one acre. The Property was transferred to Debtor in February 2015.

4.　　The Property is leased to Cameo RCFE, Inc., dba New Haven West II ("Cameo RCFE"), which is specially licensed by the State of California to operate an assisted living and adult daycare program on the Property. Cameo RCFE has continuously operated the assisted living facility on the Property since 2003, prior to Debtor's acquisition of the Property. Those operations were quite successful for many years and Cameo RCFE became known as El Dorado County's premier assisted living and adult care facility.

5.　　I am also the President of Cameo RCFE and have served in that role since its founding in 2003. I hold a 51% interest in Cameo RCFE and Sunny Matkovich holds the remaining 49%.

6.　　As disclosed in Debtor's Statement of Financial Affairs, Cameo RCFE is Debtor's General Partner and holds a 1% interest in the Debtor. The remaining interests in Debtor are held 50% by me and 49% by Sunny Matkovich.

7.　　Debtor was established in January 2015 to hold title to the Property in conjunction a Small Business Administration backed loan made by Stearns Bank National Association ("Stearns Bank") to Debtor in February 2015 (the "2015 Loan").

MATKOVICH DECLARATION　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2

8.　　The Note for the 2015 Loan is submitted by Stearns Bank as Exhibit 1 to its motion to appoint a Chapter 11 Trustee (the "Motion"). As reflected in Exhibit 1, the 2015 Loan was made jointly to both Cameo RCFE and Debtor, with Cameo RCFE noted as the "Operating Company." It is my understanding that but for Cameo RCFE's inclusion as an additional active small business debtor, Debtor would not have qualified for the 2015 Loan.

9.　　As required by Stearns Bank and reflected in Debtor's Schedule H, both Sunny Matkovich and I separately executed personal guaranties of the 2015 Loan.

10.　　In 2016, Stearns Bank provide a second SBA loan to Debtor (the "2016 Loan" and, together with the 2015 Loan, the "Loans"). The Note for the 2016 Loan is submitted by Stearns Bank as Exhibit 2 to its Motion. The terms of the 2016 Loan roughly mirror the terms of the 2015 Loan. As reflected in Exhibit 2, the 2016 Loan was made jointly to both Cameo RCFE and Debtor, with Cameo RCFE noted as the "Operating Company." Again, it is my understanding that but for Cameo RCFE's inclusion as an additional active small business debtor, Debtor would not have qualified for the 2016 Loan.

11.　　Again, like the 2015 Loan and as required by Stearns Bank and reflected in Debtor's Schedule H, both Sunny Matkovich and I separately executed personal guaranties of the 2016 Loan.

12.　　There were no issues with the Loans or Debtor's operations until the Covid pandemic in 2020. Like most of Resident Care Facilities for the Elderly (commonly referred to as "RCFEs") licensed by the California's Department of Health and Community Services, Debtor's and Cameo RCFE's operations were severely impacted by the Covid pandemic. Although it has taken years, those business operations have now slowly restabilized.

13.　　Unfortunately, in the interim, Debtor and Cameo RCFE fell behind in the payments owing under the Loans. In May 2024, Stearns Bank filed Notices of Default as to the Loans noting a $121,357.31 past due balance on the 2015 Loan and a $124,230.50 past due balance owing on the 2016 Loan. The total debt owing to Stearns Bank under both Loans as of the Petition Date is approximately $4,563,000, as reflected in Debtor's Schedule D.

14.　　I believe that debt is significantly oversecured by the value of the Property, which I believe is worth at least $8 million, based on adjustments to Stearns Bank's March 2024 appraisal at $7.3 million.  As reflected in Debtor's Schedule D, there are no liens against the Property other than Stearns Bank's liens and a lien for $21,268.65 in scheduled real property taxes.

15.　　When Debor fell behind in its payments to Stearns Bank earlier this year, I reached out to its representative Marty Bell to actively provide updates on our efforts to both find a replacement loan and resume payments.  The replacement loan Debtor was pursuing pre-petition, and continues to pursue now, is a loan through a special program by the federal Department of Housing and Urban Development under Section 232 of the National Housing Act.  This program insures mortgage loans to nursing homes and assisted living facilities.  This is a federal program meant to help facilitate housing for some of the most vulnerable members of our communities.  The program also aligns with Debtor's purpose and business goals.

16.　　While Debtor continues to actively pursue this replacement loan, it is also simultaneously exploring a possible sale of the Property through this Chapter 11 Case.  I am informed and believe Debtor has until November 8, 2024, to either file a proposed Plan of Reorganization or commence adequate protection payments to Stearns Bank.  In the interim, I am actively working with Debtor's bankruptcy counsel to explore all potential options and determine the best course of action for both Debtor and its creditors.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on October 28, 2024 in Cameron Park, California.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Joel Matkovich*
　　　　　　　　　　　　　　　　　　　　　　　　　Joel Matkovich

MATKOVICH DECLARATION　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4